IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:04-00099-001

WALTER CASSADINE BATTLES

## MEMORANDUM OPINION AND ORDER

In Bluefield, on May 28, 2013, came the defendant, Walter Cassadine Battles, in person and by counsel, Tim C. Carrico; came the United States by C. Haley Bunn, Assistant United States Attorney; and came United States Probation Officer Joseph Black, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on April 4, 2013. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant admitted the charges contained in the petition. Thereafter, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was five to eleven months. The court further found that the Guideline ranges issued by the Sentencing

Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of five (5) months. The court recommended that defendant be incarcerated at the nearest suitable facility to his family in Augusta, Georgia. Upon release from imprisonment, defendant will serve a term of supervised release of twelve (12) months. While on supervised release, defendant shall not commit another federal, state or local crime, and shall be subject to the Standard Conditions of Supervision adopted by the Southern District of West Virginia. The court also ordered defendant to pay the unpaid portion of the previously-imposed order of restitution in the amount of $62,953.19.

The court further indicated its willingness to transfer jurisdiction of defendant's supervised release to Augusta, Georgia, if that court was willing to accept supervision of defendant.  Defendant was instructed to initiate such a request and work with the Probation Office of this court to that end if he so desired.

The court considered all of the findings in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of the violations committed by defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The court found by clear and convincing evidence that the defendant does not pose a risk of flight or danger to the community and the defendant is permitted to self-report to the

facility designated by the Bureau of Prisons. Accordingly, the court allowed defendant to remain on bond. If the defendant does not receive a designation by Thursday, June 27, 2013, the defendant shall report to the United States Marshals Service in Charleston, West Virginia, by 2:00 p.m. on that day.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 30th day of May, 2013.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge